101 F.3d 109
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Alonzo Spencer OWENS, Plaintiff-Appellant,
v.
BELLEVUE HOSPITAL CENTER, NYC Health and Hospitals Corp.,
and the City of New York, Defendants-Appellees.
 No. 95-9016.
 United States Court of Appeals, Second Circuit.
 March 25, 1996.
 
 1
 APPEARING FOR APPELLANT: Alonzo Spencer Owens, pro se, New York, New York
 
 
 2
 APPEARING FOR APPELLEE: George Gutwirth, Assistant Corporation Counsel, New York, New York
 
 
 3
 S.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 Before WALKER, JR., McLAUGHLIN and LEVAL Circuit Judges.
 
 
 6
 Plaintiff-appellant Alonzo Spencer Owens appeals pro se from a judgment entered August 31, 1995 in the United States District Court for the Southern District of New York dismissing his complaint filed pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1395dd (the Emergency Medical Treatment and Active Labor Act ("EMTALA")), and New York State Public Health Law § 2805-b for failure to state a claim upon which relief can be granted and because such claims are time-barred.
 
 
 7
 In his complaint, Owens alleges that he received deficient medical treatment at Bellevue Hospital, a facility under the jurisdiction of the New York City Health and Hospitals Corporation ("HHC"), on December 24, 1986. Owens does not allege denial of treatment, but only that his condition was negligently diagnosed. Owens claims that he did not learn of this malpractice until August 18, 1992.
 
 
 8
 Allegations of medical malpractice or negligent failure to provide treatment will not suffice to support an action under 42 U.S.C. § 1983. Tomarkin v. Ward, 534 F.Supp. 1224, 1228 (S.D.N.Y.1982) (citations omitted). Moreover, Owens's claim under EMTALA is misplaced in that EMTALA is not intended to provide a federal remedy for medical malpractice. Repp v. Anadarko Mun. Hosp., 43 F.3d 519, 522 (10th Cir.1994); Power v. Arlington Hosp. Ass'n, 42 F.3d 851, 856 (4th Cir.1994). Finally, Owens's state law claims pursuant to Public Health Law § 2805-b were properly dismissed because Owens failed to serve a notice of claim against either the City of New York or HHC as required under New York General Municipal Law (GML) § 50-e and New York Unconsolidated Laws § 7401(2).
 
 
 9
 For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.